UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

(FILED ELECTRONICALLY)

CIVIL ACTION NO.   **1:19-cv-00009-GNS**

UNITED STATES OF AMERICA                                        PLAINTIFF

vs.

ANTHONY D. RITTER and                                          DEFENDANTS
BRENDA L. RITTER
204 Hinton Avenue
Scottsville, Kentucky  42164

THE MEDICAL CENTER AT SCOTTSVILLE
THE MEDICAL CENTER AT BOWLING GREEN
ANESTHESIA & PAIN SPECIALISTS OF BOWLING GREEN, PLC
CARDIAC SURGERY OF SOUTH CENTRAL KENTUCKY
SCOTTSVILLE RURAL HEALTH CLINIC
IMPATIENT MEDICINE ASSOCIATES
SERVE: Hodges, Haynes & Adams
Attorney for Judgment Creditor
319 E. 10th Avenue, POB 1865
Bowling Green, Kentucky  42102
And
SERVE: Highest Officer
1101 College Street
Bowling Green, KY 42101

**COMPLAINT FOR FORECLOSURE**

Plaintiff, the United States of America, states as follows:

1.      This is a mortgage foreclosure action brought by the United States of America on

behalf of its agency, the United States Department of Agriculture Rural Housing Service also

known as Rural Development (hereinafter collectively "RHS").

2.      Jurisdiction arises under 28 U.S.C. § 1345.  Venue is proper in this judicial division, where the subject property is located.

3.      RHS is the holder of a promissory note executed for value on October 13, 1988 by Dorothy R. Emberton (not a defendant herein).  The principal amount of the Note was $37,000.00, bearing interest at the rate of 9.5 percent per annum, and payable in monthly installments as specified in the Note.  A copy of the Note is attached as **Exhibit A** and incorporated by reference as if set forth fully herein.

4.      The Note is secured by a Real Estate Mortgage recorded on October 13, 1988, in Mortgage Book 93, Page 284, in the Office of the Clerk of Allen County, Kentucky.  Through the Mortgage, Dorothy R. Emberton, unmarried, granted RHS a first mortgage lien against the real property including all improvements, fixtures and appurtenances thereto at 204 Hinton Avenue, Scottsville, Allen County, Kentucky (the "Property") and described in more detail in the Mortgage.  A copy of the Mortgage is attached as **Exhibit B** and incorporated by reference as if set forth fully herein.

5.      On or about March 15, 1994, Defendants **Anthony D. Ritter** and **Brenda L. Ritter** ("the Ritters") signed and delivered to RHS an Assumption Agreement, a copy of which is attached as **Exhibit C** incorporated by reference as if set forth fully herein.  In and by the Assumption Agreement, the **Ritters** became liable to RHS under the Note and Mortgage with a principal amount of $33,450.00 at an interest rate of 6.5 percent, with terms as specified in the Assumption Agreement .

6.      On March 15, 1994, the Ritters for value signed and delivered to RHS a second promissory note ("the Second Note").  The principal amount of the Second Note was $3,110.00, bearing interest at the rate of 6.5 percent per annum, and payable in monthly installments as

specified in the Second Note.  A copy of the Second Note is attached as **Exhibit D** and incorporated by reference as if set forth fully herein.

7.     The Second Note is secured by a second Real Estate Mortgage recorded on March 15, 1994, in Mortgage Book 113, Page 725, in the Office of the Clerk of Allen County, Kentucky.  Through this Second Mortgage, the **Ritters** granted RHS another mortgage lien against the real property including all improvements, fixtures and appurtenances thereto at 204 Hinton Avenue, Scottsville, Allen County, Kentucky (the "Property") and described in more detail in the Mortgage.  A copy of the Second Mortgage is attached as **Exhibit E** and incorporated by reference as if set forth fully herein.

8.     To receive subsidies on the loan under the Second Note, the **Ritters** signed a Subsidy Repayment Agreement authorizing RHS to recapture, upon transfer of title or non-occupancy of the Property, any subsidies granted to the **Ritters** by RHS.  A copy of the Subsidy Repayment Agreement is attached as **Exhibit F** and incorporated by reference as if set forth fully herein.

9.     The **Ritters** have defaulted on the Notes, Mortgages and Assumption Agreement mentioned herein in paragraphs 2-8 by failing to make payments when due.

10.     RHS has, in accordance with the loan documents, accelerated the loan and declared the entire principal balance, together with all accrued and unpaid interest and all other sums due under the loan documents, to be due and payable.  Further, RHS sent notice to the **Ritters** of the default and acceleration of the loan.

11.     In accordance with the loan documents, the United States is entitled to enforce the Mortgages through this foreclosure action and to have the Property sold to pay all amounts due, together with the costs and expenses of this action.

12.     The unpaid principal balance on the Note and Second Note is $12,932.15 with accrued interest of $1,893.03 through August 15, 2018 with a total subsidy granted of $949.98, late charges in the amount of $28.17, and fees assessed of $3,186.93, for a total unpaid balance of $18,990.26 as of August 15, 2018.  Interest is accruing on the unpaid principal balance at the rate of $2.843 per day after August 15, 2018.

13.     The Property is indivisible and cannot be divided without materially impairing its value and the value of RHS's liens thereon.

14.     Defendants **The Medical Center at Scottsville**; **The Medical Center at Bowling Green; Anesthesia & Pain Specialists of Bowling Green, PLC**; **Cardiac Surgery of South Central Kentucky**; and **Scottsville Rural Health Clinic** may claim an interest in the Property by virtue of a Notice of Judgment Lien recorded on August 24, 2016 in Lis Pendens Book 39, Page 166 in the Allen County Clerk's Office, a copy of which is attached as **Exhibit G**.  The interest of these Defendants is inferior in rank and subordinate in priority to the prior mortgage liens on the Property in favor of RHS, and the Plaintiff calls upon these Defendants to come forth and assert their interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

15.     Defendants **Inpatient Medicine Associates**; **Scottsville Rural Health Clinic**; **The Medical Center at Bowling Green**; and **The Medical Center at Scottsville** may claim an interest in the Property by virtue of a Notice of Judgment Lien recorded on October 20, 2015 in Lis Pendens Book 37, Page 752 in the Allen County Clerk's Office, a copy of which is attached as **Exhibit H**.  The interest of these Defendants is inferior in rank and subordinate in priority to the prior mortgage liens on the Property in favor of RHS, and the Plaintiff calls upon these Defendants to come forth and assert their interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

16.     There are no other persons or entities purporting to have an interest in the Property known to the Plaintiff.

WHEREFORE, Plaintiff, the United States of America, on behalf of RHS, demands:

a.     Judgment against the interests of the **Ritters** in the Property in the principal amount of $12,932.15, plus $1,893.03 interest as of August 15, 2018, and $949.98 for reimbursement of interest credits, late charges in the amount of $28.17, and fees assessed of $3,186.93, for a total unpaid balance due of $18,990.26 as of August 15, 2018, with interest accruing at the daily rate of $2.843 from August 15, 2018, until the date of entry of judgment, and interest thereafter according to law, plus any additional costs, disbursements and expenses advanced by the United States;

b.     That the United States be adjudged a lien on the Property, prior and superior to any and all other liens, claims, interests and demands, except liens for unpaid real estate ad valorem taxes;

c.     That the United States' lien be enforced and the Property be sold in accordance with 28 U.S.C. §§ 2001-2003 subject to easements, restrictions and stipulations of record, but free and clear of all other liens and encumbrances except liens for any unpaid ad valorem real property taxes;

d.     That the proceeds from the sale be applied first to the costs of this action, second to any ad valorem real property taxes, if any, third to the satisfaction of the debt, interest, costs and fees due the United States, with the balance remaining to be distributed to the parties as their liens or interests may appear;

e.     That the Property be adjudged indivisible and be sold as a whole; and

f.      That the United States receive any and all other lawful relief to which it may be

entitled.

                              UNITED STATES OF AMERICA

                              RUSSELL M. COLEMAN
                              United States Attorney


                              s/ William F. Campbell
                              William F. Campbell
                              Katherine A. Bell
                              Assistant United States Attorneys
                              717 West Broadway
                              Louisville, Kentucky  40202
                              Phone:  502/582-5911
                              Fax:    502/625-7110
                              bill.campbell@usdoj.gov
                              Katherine.bell@usdoj.gov

Form FmHA 440-16
(Rev. 11-10-75)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**PROMISSORY NOTE**

| KIND OF LOAN |
| --- |
| Type:_____ RH |
| Pursuant to: |
| ☐ Consolidated Farm and Rural Development Act. |
| ☒ Title V of the Housing Act of 1949. |

| STATE |
| --- |
| KENTUCKY |
| COUNTY |
| ALLEN |
| CASE NO. |
| 20-02-~ |

Date _____ OCTOBER 13 _____, 19 88 .

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower.") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

___ TOMPKINSVILLE, KENTUCKY _____ ,

**THE PRINCIPAL SUM OF** ___ THIRTY-SEVEN THOUSAND —————————————————————

**DOLLARS ($** ___ 37,000.00 _____ ), plus **INTEREST** on the **UNPAID PRINCIPAL** of

___ NINE AND ONE-HALF _____ PERCENT ( _9-1/2_ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of four alternatives as indicated below: (check one)

☐ I.   Principal and Interest payments shall be deferred. The first installment shall be all accrued interest and shall be due

on _____, 19 ___ . Payment of Principal and later accrued Interest shall be in _____ installments as indicated in the box below;

☐ II.   Principal and Interest payments shall be deferred. The interest accrued to _____, 19 ____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ III.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____, 19 ___ , through _____, 19 ___ ,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ IV.   Payments shall not be deferred. Principal and Interest shall be paid in __396__ installments as indicated in the box below:

| $ __307.00__ _____ on __NOVEMBER 13_____ , 19 88 , and |
| --- |
| $ __307.00__ _____ thereafter on the __13TH____ of each __MONTH____ |
| until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness |
| evidenced hereby, if not sooner paid, shall be due and **PAYABLE** __THIRTY-THREE_____ ( __33__ ) **YEARS** from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments. |

**EXHIBIT "A"**

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally operate such property as a farm with his own and his family's labor if this is an FO loan, or (b) will personally occupy and use such property if this is an RH loan on a "nonfarm tract" or a section 504 RH loan.

**REFINANCING AGREEMENT:** If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

**DEFAULT:** Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

*Dorothy R. Emberton* _____ (SEAL)
DOROTHY R. EMBERTON        *(BORROWER)*

_____ (SEAL)
                                *(SPOUSE)*

204 HINTON AVENUE

SCOTTSVILLE, KY  42164

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 37,000.00 | 10/13/88 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 37,000.00 | |

*Position 2*                          FmHA 440-16 (Rev. 11-10-75)

USDA-FmHA
Form FmHA 427-1 KY
(Rev. 8-14-81)

*Position 5*

RECORDED IN Mtg BOOK 93
PAGE 284

## REAL ESTATE MORTGAGE FOR KENTUCKY

THIS MORTGAGE is made and entered into by

Dorothy R. Emberton, unmarried

residing in _____ Allen _____ County, Kentucky, whose post office
address is _____ 204 Hinton Avenue, Scottsville _____
herein called "Borrower," and: _____, Kentucky, 42164

WHEREAS Borrower is indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s), herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| *Date of Instrument* | *Principal Amount* | *Annual Rate of Interest* | *Due Date of Final Installment* |
|---|---|---|---|
| 10/13/88 | $37,000.00 | 9½% | 10/13/2021 |

The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument will be increased after 3 years, as provided in the Farmers Home Administration regulations and the note.

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Adminstration.

And it is the purpose and intention of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower.

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby sell, convey, and assign, with general warranty, unto the Government the following property situated in the State of Kentucky, County(ies) of _____ Allen _____

BEING Lot No. Seventeen (17) of the Rolling Acres Estate Subdivision as shown on a Plat of the said Subdivision recorded at Plat Book 2, Page 5, and the amended Plat recorded at Plat Book 2, Page 6, Allen County Clerk's Office, Scottsville, Kentucky.

This conveyance is subject to the restrictions applicable to the Rolling Acres Estate Subdivision recorded at Deed Book 120, Page 154, and the amended Restrictions recorded at Deed Book 121, Page 672, Allen County Clerk's Office, Scottsville, Kentucky.

EXHIBIT "B"

FmHA 427-1 KY (Rev. 8-14-81)

)

BEING the same land conveyed to Dorothy R. Emberton, by
Deed from Leucercia Emberton, now Livesay, and husband, Rondel L. Livesay,
dated October 6, 1988, and recorded in Deed Book _139_, Page _415_,
Allen County Clerk's Office, Scottsville, Kentucky.

being the same (or part of the same) land conveyed\*

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property":

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)    To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)    To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)    If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)    Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)    All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)    To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)    To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)    To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)    To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe, and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)  To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)  Neither the property nor any portion t ereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)  The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)  Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, a bankrupt, or an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)  Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20)  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex or national origin.

(21)  This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(22)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at 333 Waller Avenue, Lexington, Kentucky 40504, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(23) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

Given under the hand(s) and seal(s) of Borrower this ___13th___ _____ day of ___October___ , 19 __88__.

_Dorothy R. Emberton_ (SEAL)
Dorothy R. Emberton

_____ (SEAL)

STATE OF KENTUCKY }
COUNTY OF ___Allen___ } ss:

Before me, ___Kathy Haile___ , a Notary Public in and for the County of ___Allen___ personally appeared ___Dorothy R. Emberton, unm.___

_____ and _____ , his wife, who acknowledged that they executed the foregoing instrument on the ___13th___ day of ___October___ , 19 __88__, as their free act and deed.

WITNESS my hand and official seal this ___13th___ day of ___October___ , 19 __88__.

(SEAL)
My commission expires: ___March 1, 1989___

_Kathy Haile_
Notary Public

### PREPARER'S STATEMENT

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

___James S. Secrest, Jr.___
*(name)*

___P. O. Box 35, Scottsville, Kentucky 42164-0035___
*(address)*

_____
*(Signature)*

### RECORDER'S CERTIFICATE

STATE OF KENTUCKY }
COUNTY OF ___Allen___ } ss:

I, ___Elvis Russell___ , Clerk of the County Court for the County aforesaid, do certify that the foregoing mortgage was on the ___13th___ day of ___October___ , 19 __88__, lodged for record at ___4.09___ o'clock ___P.___ M., whereupon the same, with the foregoing and this certificate, have been duly recorded in my office.

Given under my hand this ___20th___ day of ___October___ , 19 __88__

_Elvis Russell_
Clerk of _____ County Court
By _Bobbie White_ , D.C.

USDA-FmHA
Form FmHA 1965-15
(Rev. 6-90)

OMB NO. 0575-0086

**ASSUMPTION AGREEMENT**
Single-Family Housing Loan(s)

Type of Loan __RH__

☒ Sec. 502   ☐ Non Program   ☐ Sec. 504

Case Number:
2 0 0 0

This Agreement dated _____March 15_____, 19 94 , is between the United States of America, acting through the Farmers Home Administration (herein called the Government), and __Anthony D. Ritter and wife, Brenda L. Ritter__ (herein called Borrower), whose mailing address is __204 Hinton Avenue, Scottsville, Kentucky 42164__

The Government is the holder of debt instrument(s) secured by the following described security instrument(s) executed by __Dorothy R. Emberton__

Case Number __20-02-__ 

__Allen__ _____ County, State of __Kentucky__ , on real property described therein which is located in

| Type Instrument | Date Executed | Office Where Recorded | Book/Volume/ Document Number | Page Number |
|---|---|---|---|---|
| Real Estate Mtg. | 10/13/88 | Allen County Clerk's Office, Scottsville, KY | Mortgage Book 93 | 284 |

In consideration of the assumption of indebtedness as herein provided and the Government's consent to this assumption and related conveyance of the security property, if applicable, it is agreed as follows:

1. Borrower hereby assumes liability for and agrees to pay to the order of the Government at the office of the Farmers Home Administration shown below (or other location as may later be specified) the principal sum of __Thirty-Three Thousand Four Hundred Fifty__ _____ dollars ($ __33,450.00__ ) plus interest at the rate of __Six and One-Half__ percent ( __6-1/2__ %) per annum, payable in installments as follows:

$ __205.00__ on __April 15,__ , 19 __94__ , and

$ __205.00__ _____ thereafter on the __15th__ _____ of each __Month__ until the principal and interest are fully paid, except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable __Thirty-Three__ ( __33__ ) years from the date of this Agreement.

2. Payments of principal and interest shall be applied in accordance with Farmers Home Administration's accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with Farmers Home Administration regulations in effect when a late charge is assessed.

3. The provisions of the debt instrument(s) hereby assumed shall, except as modified herein, remain in full force and effect, and Borrower hereby assumes the obligations of and agrees to comply with all covenants, agreements, and conditions contained in said instrument(s), as modified herein, as though Borrower had executed them as of the date thereof as principal obligor(s).

4. Provisions of the debt and security instrument(s) which require that the borrower occupy the FmHA-financed dwelling or graduate to another credit source do not apply to assumption on ineligible (Non Program) terms.

5. This Agreement is subject to present regulations of the Farmers Home Administration and to its future regulations which are not consistent with the express provisions hereof.

_____
(Co-signer)

UNITED STATES OF AMERICA
FARMERS HOME ADMINISTRATION

By _Richard K. McFall_

Title __County Supervisor__

Date __March 15, 1994__

_Anthony D. Ritter_
Anthony D. Ritter  Borrower

_Brenda L. Ritter_
Brenda L. Ritter  Borrower

Former Borrower Released From
Liability __no__

**EXHIBIT "C"**

FmHA County Office Address: __1410- North Main Street, Tompkinsville, KY 42167__

002

SRHS Green RHS

USDA-FmHA
Form FmHA 1940-16
(Rev. 4-91)

**PROMISSORY NOTE**

RITTER, Anthony D,

| TYPE OF LOAN |
|---|
| RH  "502" |

| STATE |
|---|
| KENTUCKY |
| COUNTY |
| ALLEN |
| CASE NO. |
| 20-02▮▮▮ |

Date _____ MARCH 15 _____ , 19 94 .

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

TOMPKINSVILLE, KENTUCKY _____ ,

THE PRINCIPAL SUM OF ____ THREE THOUSAND ONE HUNDRED TEN ----------------------------

DOLLARS ($____ 3,110.00 _____ ), plus INTEREST on the UNPAID PRINCIPAL of

SIX AND ONE-HALF _____ PERCENT (____ 6-1/2 ____ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.    Principal and Interest payments shall be deferred. The interest accrued to _____ , 19 ___

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $ _____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.    Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____ , 19 ___ , through _____ , 19 ___

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.    Payments shall not be deferred. Principal and Interest shall be paid in ____ 396 ____ installments as indicated in the box below:

$ 20.00 _____ on _____ APRIL 15 _____ , 19 94 , and

$ 20.00 _____ thereafter on the ____ 15TH ____ of each MONTH until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and PAYABLE ____ THIRTY-THREE ____ ( ____ 33 ____ ) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

.63

**EXHIBIT "D"**

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

SUBSIDY REPAYMENT AGREEMENT: Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

WARNING: Failure to fully disclose accurate and truthful financial information may result in the termination of program assistance currently being received, and the denial of future program assistance under USDA's Debarment regulations, 7 CFR Part 3017.

Presentment, protest, and notice are hereby waived.

_Anthony D. Ritter_ (SEAL)
ANTHONY D. RITTER          (BORROWER)

_Brenda L Ritter_ (SEAL)
BRENDA L. RITTER      (CO-BORROWER)

204 HINTON AVENUE

SCOTTSVILLE KY   42164

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 3,110.00 | 3/15/94 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ 3110.00 | |

**USDA-FmHA**
**Form FmHA 427-1 KY**
**(Rev. 6-91)**

*Position 5*

RECORDED IN *Mtg* BOOK 113

PAGE 425

## REAL ESTATE MORTGAGE FOR KENTUCKY

FILED

THIS MORTGAGE is made and entered into by

Anthony D. Ritter and wife, Brenda L. Ritter

'94 MAR 15  AM 10 44

CLERK ALLEN CO. COURT
P.O. BOX 336
SCOTTSVILLE, KY. 42164

residing in ___Allen___ _____ County, Kentucky, whose post office

address is ___204 Hinton Avenue, Scottsville___ _____, Kentucky ___42164___,

herein called "Borrower," and:

WHEREAS Borrower is indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 10/13/88 | $37,000.00 | 9½% | 10/13/2021 |

The above described Promissory Note has a current balance of $33,450.00 has been modified by an Assumption Agreement dated 03/15/94 as follows:

| Date of Instrument | Principal Amount | New Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 3/15/1994 | $33,450.00 | 6.5% | 3/15/2027 |
| 3/15/1994 | $3,110.00 | 6.5% | 3/15/2027 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Administration.

And it is the purpose and intention of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower.

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby sell, convey, and assign, with general warranty, unto the Government the following property situated in the State of Kentucky.

County(ies) of ___Allen___

BEING Lot No. Seventeen (17) of the Rolling Acres Estate Subdivision as shown on a Plat of the said Subdivision recorded at Plat Book 2, Page 5, and the amended Plat recorded at Plat Book 2, Page 6, Allen County Clerk's Office, Scottsville, Kentucky.

Subject to the Restrictions applicable to the Rolling Acres Estate Subdivision recorded at Deed Book 120, Page 154, and the amended Restrictions recorded at Deed Book 121, Page 672, Allen County Clerk's Office, Scottsville, Kentucky.

FmHA 427-1 KY (Rev. 6-91)

## EXHIBIT "E"

BEING the same land conveyed to Anthony D. Ritter and wife,
Brenda L. Ritter, by Deed from Dorothy R. Emberton, unmarried, dated
March _15_, 1994, and recorded in Deed Book _165_, Page _506_ Allen
County Clerk's Office, Scottsville, Kentucky.

being the same (or part of the same) land conveyed*

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein all of which are herein called "the property"; All rents, profits and income from the property covered by this mortgage are hereby assigned to the mortgee for the purpose of discharging the debt hereby secured. Permission is hereby given to the mortgagor, so long as no default exist hereunder, to collect such rents, profits and income for use in accordance with Farmers Home Administration regulations.

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe, and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)   To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property. Upon termination of this mortgage, after payment in full, the mortgagee, at the mortgagor's expense, shall execute and file or record such instruments of release, satisfaction and termination in proper form pursuant to the requirements contained in KRS 382.365.

(12)  Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)  The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien  and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)  Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)  Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20)  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, handicap, familial statue, age or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, handicap, familial statue, age or national origin.

(21)  Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22)  This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given in the case of the Government to Farmers Home Administration at 333 Waller Avenue, Lexington, Kentucky 40504, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

Given under the hand(s) and seal(s) of Borrower this _____ 15th _____ day of _____ March _____ , 19 94 .

_Anthony D. Ritter_ _____ (SEAL)
Anthony D. Ritter

_Brenda L. Ritter_ _____ (SEAL)
Brenda L. Ritter

STATE OF KENTUCKY

COUNTY OF _____ Allen _____ } ss:

Before me, _____ Kathy Haile _____ , a Notary Public in and for

the County of _____ Allen _____ personally appeared _____ Anthony D. Ritter _____

_____ and _____ Brenda L. Ritter _____ , his wife,

who acknowledged that they executed the foregoing instrument on the _____ 15th _____

day of _____ March _____ , 19 94 as their free act and deed.

WITNESS my hand and official seal this _____ 15th _____ day of _____ March _____ , 19 94 .

_Kathy Haile_
Notary Public

(SEAL)
My commission expires: _3/1/97_

### PREPARER'S STATEMENT

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

James S. Secrest, Jr. _____
*(name)*

P. O. Box 35, Scottsville, Kentucky 42164-0035 _____
*(address)*

_____ *(Signature)*

### RECORDER'S CERTIFICATE

STATE OF KENTUCKY

COUNTY OF _____ Allen _____ } ss:

I, _____ Elvis Russell _____ , Clerk of the County Court for the County aforesaid, do certify

that the foregoing mortgage was on the _____ 15th _____ day of _____ March _____ , 19 94 , lodged for record

at 10:44 o'clock _A._ M., whereupon the same, with the foregoing and this certificate, have been duly recorded in my office.

Given under my hand this _____ 16 _____ day of _March_ , 19 94

_Elvis Russell Clerk_
Clerk of _____ County Court

By _Jo Alice Tichita_ _____ , D.C.

FmHA Instruction 1951-I
Exhibit A

## UNITED STATES DEPARTMENT OF AGRICULTURE
### FARMERS HOME ADMINISTRATION

### Subsidy Repayment Agreement

Date of Note <u>3/15/94</u> Amount of Note <u>3,110.00</u> Date of mortgage <u>3/15/94</u>

Date of Note <u>3/15/94</u> Amount of Note <u>33,450.00</u> Date of mortgage <u>3/15/94</u>
    Assumption         Assumption

Type of assistance:  RH

1. Interest credit  /x/
2. Homeownership Assistance
   Program  / /

Address of Property:  <u>204 Hinton Avenue</u>

<u>Scottsville, KY 42164</u>

BORROWER:  Ritter, Anthony D.

CO-BORROWER:  Ritter, Brenda L.

1    This agreement entered into pursuant to 7 CFR 1951-I, between the United
States of America, acting through the Farmers Home Administration (FmHA)
(herein called "the Government") pursuant to section 521 of Title V of the
Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears
above (herein sometimes referred to as "borrower"), supplements the note(s)
from borrower to the Government as described above, and any promissory
note(s) for loans made to borrower in the future by the Government.
Such future notes, when executed, will be listed below the signature line
of this Subsidy Repayment Agreement.

2    I (we) agree to the conditions set forth in this agreement for the
repayment of the subsidy granted me (us) in the form of interest credits
or Homeownership Assistance Program (HOAP) subsidy (hereinafter called
"subsidy").

3    I (we) agree that the real property described in the mortgage(s)
listed above is pledged as security for repayment of the subsidy received
or to be received.  I (we) agree that the subsidy is due and payable upon
the transfer of title or non-occupancy of the property by me (us).  I
(we) understand that the real estate securing the loan(s) is the only
security for the subsidy received.  I (we) further understand that I (we)
will not be required to repay any of the subsidy from other than the value
(as determined by the Government) of the real estate, mortgaged by myself
(ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.


EXHIBIT "E"

(9-27-79)  SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 2

4    I (we) understand that so long as I (we) continue to own the property
and occupy the dwelling as my (our) residence, I (we) may repay the principal
and interest owed on the loan and defer repaying the subsidy amount until
title to the property is conveyed or the dwelling is no longer occupied by
me (us). If such a request is made, the amount of subsidy to be repaid
will be determined when the principal and interest balance is paid. The
mortgage securing the FmHA RH loan(s) will not be released of record until
the total amount owed the Government has been repaid.

5    I (we) agree that Paragraph 6 of this agreement is null and
void should the property described in the mortgage(s) be voluntarily
conveyed to the Government or liquidated by foreclosure.

6    When the debt is satisfied by other than voluntary conveyance of the
property to the Government or by foreclosure, I (we) agree that sale
proceeds will be divided between the Government and me (us) in the
following order:

   (a)  Unpaid balance of loans secured by a prior mortgage as well as
   real estate taxes and assessments levied against the property which
   are due will be paid.

   (b)  Unpaid principal and interest owed on FmHA RH loans for the
   property and advances made by FmHA which were not subsidy and are
   still due and payable will be paid to the Government.

   (c)  I (we) will receive from the sale proceeds actual expenses
   incurred by me (us) necessary to sell the property. These may include
   sales commissions or advertising cost, appraisal fees, legal and
   related costs such as deed preparation and transfer taxes. Expenses
   incurred by me (us) in preparing the property for sale are not allowed
   unless authorized by the Government prior to incurring such expenses.
   Such expenses will be authorized only when FmHA determines such expenses
   are necessary to sell the property, or will likely result in a return
   greater than the expense being incurred.

   (d)  I (we) will receive the amount of principal paid off on the
   loan calculated at the promissory note interest rate.

   (e)  Any principal reduction attributed to subsidized interest
   calculations will be paid to the Government.

   (f)  I (we) will receive my original equity which is the difference
   between the market value of the security, as determined by the
   FmHA appraisal at the time the first loan subject to recapture of
   subsidy was made, and the amount of the FmHA loan(s) and any
   prior lien. This amount is ___-0-___ and represents
   ___-0-___ percent of the market value of the security. (The

FmHA Instruction 1951-I
Exhibit A
Page 3

percent is determined by dividing my (our) original equity by
the market value of the security when the loan was closed.) The
dollar amounts and percent will be entered at the time this agreement
is signed by me (us) and will be part of this agreement.

(g) The remaining balance, after the payments described in (a) thru (f)
above have been paid is called value appreciation. The amount of
value appreciation to be paid to the Government, in repayment or
the subsidy granted, is the lesser of (1) the full amount of the subsidy or
(2) an amount determined by multiplying the value appreciation by the
appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59 | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119 | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .20 | .10 |
| 240 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h) I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above. I (we) will
also receive an additional amount in proportion to my original equity
by reducing the amount of value appreciation due to the Government by
the percent of my (our) original equity as shown in (f) above.

(i) If I (we) am the recipient of HOAP, the amount of value appreciation
to be recaptured will be calculated as if I (we) had paid 1 percent
interest on the loan, unless the average interest rate paid by me (us)
was greater than 1 percent. In such cases it will be determined based
on the average interest rate paid by me (us).

(j) If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the following
percent:    N/A    . This percent will be determined by dividing the
amount of the loan(s) subject to recapture by the total outstanding
RH debt. This percentage will be entered at the time I (we) sign this
agreement.

(k) If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the total
subsidy granted on all loans.

(9-27-79)   SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 4

7    When a FmHA RH loan is repaid by other than foreclosure, voluntary
conveyance, or sale of property, the amount of subsidy to be repaid the
Government will be determined in the same manner as described in paragraph
6 of this Exhibit but based on the appraised value determined by FmRA
instead of sales price.  In such cases, the subsidy due the Government
will remain a lien on the property until paid.  It must be paid upon non
occupancy, sale, or transfer of title to the property.

8    I (we) have read and agree to the provisions of this agreement.

_Anthony D. Ritter_ _____ Borrower
Anthony D. Ritter

_Brenda L. Ritter_ _____ Co-Borrower
Brenda L. Ritter

_3/15/94_
Date signed


Accepted and Agreed to
By _Richard T. McFall_ (FmHA Official)
Richard K. McFall
County Supervisor _____ (Title)

_3/15/94_
Date

oOo

CIVIL ACTION NO. 16-C-00313            **ALLEN DISTRICT COURT**

THE MEDICAL CENTER AT SCOTTSVILLE        **PLAINTIFFS**
THE MEDICAL CENTER AT BOWLING GREEN
ANESTHESIA & PAIN SPECIALISTS OF BOWLING GREEN, PLC
CARDIAC SURGERY OF SOUTH CENTRAL KENTUCKY
SCOTTSVILLE RURAL HEALTH CLINIC

VS.                **NOTICE OF JUDGMENT LIEN**

ANTHONY DAVID RITTER            **DEFENDANT**

Notice is hereby given that in the above styled and numbered action, judgment was obtained by the Plaintiffs against defendant, Anthony David Ritter, in the amount of $1,186.63, plus 12% interest per annum from the judgment date of July 25, 2016, until satisfaction, plus court costs expended therein in the amount of $145.50, in addition to attorney fees, if provided in said judgment.

PURSUANT TO KRS. 426.720, A JUDGMENT LIEN SHALL ATTACH TO ALL REAL PROPERTY IN WHICH DEFENDANT(S) MAY HAVE AN INTEREST.

This judgment creditor hereby certifies that a copy of this Notice of Judgment Lien was on the date hereof placed in the U.S. Mail, regular first class, postage prepaid, and addressed as follows: Anthony David Ritter 204 Hinton Ave. Scottsville, KY 42164-8812.

In compliance with KRS 382.430 the mailing address of the lienholder is as follows: c/o Hillcrest Credit Agency, P O Box 2220, Bowling Green KY 42102-2220.

NOTICE TO JUDGMENT DEBTOR. You may be entitled to an exemption under KRS 427.060, reprinted below. If you believe you are entitled to assert an exemption, seek legal advice.

427.060. Homestead and burial plot exemptions - Exceptions. - In addition to any

ALLEN COUNTY
**LP39    PG166**

EXHIBIT "G"

exemption of personal property, an individual debtor's aggregate interest, not to exceed five thousand dollars ($5,000.00) in value, in real or personal property that such debtor or a dependent of such debtor uses as a permanent residence in this state, or in a burial plot for such debtor or a residence in this state, or in a burial plot for such debtor or a dependent of such debtor is exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead or for purchase money due thereon.  This exemption shall not apply if the debt or liability existed prior to the purchase of the property or the erection of the improvements thereon. (1702: amend. Acts 1980, ch. 236, Section 4, effective April 9, 1980.)

This Notice of Judgment Lien shall act as a lien upon all real property in which the judgment debtor(s) has any ownership interest in this Commonwealth.

This communication is from a debt collector.

This _16_ day of _Aug_, 2016.

HODGES, HAYNES & ADAMS
P.O. Box 1865
319 E. 10th Avenue
Bowling Green, KY 42102
(270)793-0065

HOY P. HODGES
Attorney for Plaintiffs

THIS INSTRUMENT PREPARED BY:

HOY P. HODGES
319 E. 10th Avenue
Bowling Green, KY 42101

HC-87194-2636632/mam

DOCUMENT NO: 222176
RECORDED:August 24,2016  03:06:00 PM
TOTAL FEES:     $13.00
COUNTY CLERK: ELAINE WILLIAMS
DEPUTY CLERK: BECKY THREET
COUNTY: ALLEN COUNTY
BOOK: LP39   PAGES: 166 - 167

ALLEN COUNTY
LP39   PG167

CIVIL ACTION NO. 15-C-00341            ALLEN DISTRICT COURT

INPATIENT MEDICINE ASSOCIATES            PLAINTIFF
SCOTTSVILLE RURAL HEALTH CLINIC
THE MEDICAL CENTER AT BOWLING GREEN
THE MEDICAL CENTER AT SCOTTSVILLE

### NOTICE OF JUDGMENT LIEN

BRENDA LOIS RITTER            DEFENDANT

    Notice is hereby given that in the above styled and numbered action, judgment obtained by the Plaintiff, against defendant, Brenda Lois Ritter, the amount of $1,399.41, plus 12% interest per annum from the judgment date of July 10, 2015, until satisfaction, plus court costs expended therein in the amount of $155.50, in addition to attorney fees, if provided in said judgment.

    PURSUANT TO KRS 426.720, A JUDGMENT LIEN SHALL ATTACH TO ALL REAL PROPERTY IN WHICH DEFENDANT(S) MAY HAVE AN INTEREST.

    This judgment creditor hereby certifies that a copy of this Notice of Judgment Lien was on the date hereof placed in the U.S. Mail, regular first class, postage prepaid, and addressed as follows: Brenda Lois Ritter, 204 Hinton Avenue, Scottsville, KY 42164.

    In compliance with KRS 382.430 the mailing address of the lienholder is as follows: c/o Hillcrest Credit Agency, P.O. Box 2220, Bowling Green, KY 42102-2220.

    NOTICE TO JUDGMENT DEBTOR. You may be entitled to an exemption under KRS 427.060, reprinted below. If you believe you are entitled to assert an exemption, seek legal advice.

    427.060. Homestead and burial plot exemptions – Exceptions. – In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed five thousand dollars ($5,000.00) in value, in real or personal property that such debtor or a dependent of such debtor uses as a permanent residence in this state, or in a burial plot for such debtor or a residence in this state, or in a burial plot for such debtor or a dependent of such debtor is exempt from sale under execution, attachment or judgment,
except to foreclose a mortgage given by the owner of a homestead or for purchase money due thereon. This exemption shall not apply if the debt or liability existed prior to

ALLEN COUNTY
LP37   PG752

EXHIBIT____H____

the purchase of the property or the erection of the improvements thereon.  (1702: amend. Acts 1980, ch. 236, Section 4, effective April 9, 1980.)

This Notice of Judgment Lien shall act as a lien upon all real property in which the judgment debtor(s) has any ownership interest in this Commonwealth.

This communication is from a debt collector.

This 17 day of _____Oct._____, 2015.

HODGES, HAYNES & ADAMS
319 E. 10th Avenue
P.O. Box 1865
Bowling Green, KY 42102
(270)798-0065

CHARLES W. ADAMS
Attorney for Plaintiffs

THIS INSTRUMENT PREPARED BY:

CHARLES W. ADAMS
319 E. 10th Avenue
Bowling Green, KY 42102-1865

HC 83197 - 2510301

DOCUMENT NO: 215356
RECORDED:October 20,2015 01:34:00 PM
TOTAL FEES:          $13.00
COUNTY CLERK: ELAINE WILLIAMS
DEPUTY CLERK: BECKY THREET
COUNTY: ALLEN COUNTY

BOOK: LP37     PAGES: 752 - 753

ALLEN COUNTY
LP37   PG753

®JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

1:19-cv-00009-GNS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

UNITED STATES OF AMERICA

## DEFENDANTS

ANTHONY D. RITTER, ET AL.

**(b)**  County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant     ALLEN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II.  BASIS OF JURISDICTION     (Place an "X" in One Box Only)

☑ 1    U.S. Government
Plaintiff

☐ 3    Federal Question
(U.S. Government Not a Party)

☐ 2    U.S. Government
Defendant

☐ 4    Diversity
(Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT     (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☑ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☑ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V.  ORIGIN     (Place an "X" in One Box Only)

☑ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. SECTION 1345
Brief description of cause:
RURAL HOUSING SERVICE (RHS) f/k/a FARMERS HOME ADMINISTRATION (FmHA) FEDERAL FORECLOSURE

## VII.  REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
$18,990.26

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes   ☑ No

## VIII.  RELATED CASE(S)
IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
1/29/2019

SIGNATURE OF ATTORNEY OF RECORD
s/ William F. Campbell

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE